IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

**STATE OF TENNESSEE v. CHRISTINA EADS**

**Appeal from the Circuit Court for Blount County**
**No. C-25809 Tammy M. Harrington, Judge**

_____

**No. E2019-01958-CCA-R3-CD**

_____

Defendant, Christina Eads, appeals the revocation of her supervised probation for her simple possession of a Schedule VI drug and possession of drug paraphernalia convictions. After a hearing, the trial court revoked Defendant's probation and ordered her to serve the remainder of her sentence incarcerated. On appeal, Defendant argues that the trial court abused its discretion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Mack Garner, District Public Defender (at trial), for the appellant, Christina Eads.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Mike L. Flynn, District Attorney General; and Ashley Salem, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On March 22, 2019, Defendant, Christina Eads, pled guilty to simple possession of a Schedule VI drug and possession of drug paraphernalia. The trial court sentenced

Defendant to concurrent sentences of eleven months and twenty-nine days each to be served on supervised probation. On July 16, 2019, a probation violation warrant was issued and Defendant was arrested. A violation of probation hearing was held on August 12, 2019.

At the hearing, Blount County Probation and Parole Officer Ashley Watson testified that Defendant violated her probation because Defendant failed to provide proof of employment; failed to complete her homework for the Cognitive Behavior Intervention Program and was dismissed from the program; failed to obtain a mental health assessment, which had been recommended by a social worker; tested positive for marijuana on March 29, 2019; and failed to make payments towards court costs and supervision fees. Multiple intervention meetings were held with Defendant. Defendant was repeatedly told that she must complete her homework, that she must have lawful employment, and that she must obtain a mental health assessment. Defendant provided proof of employment after the probation violation warrant was filed

Paul Gore, manager of Blount Bounty Probation and Parole office, testified that he was involved in the interventions with Defendant. He stated that while Defendant was not combative, she was argumentative, oppositional, and defiant during their meetings. At the May 15th meeting she was distracted and exhibiting strong behavior. Defendant did not think she needed to do her homework as it was just "busy work." Defendant told Mr. Gore that she knew her body and did not need another mental health evaluation. In his ten years as manager over probation and parole, Mr. Gore had never been this involved with the supervision of a regular misdemeanor offender. Defendant was in denial about her need for a mental health assessment. It was Mr. Gore's opinion that Defendant was "absolutely not" amenable to supervision.

Defendant, who was twenty-two years of age, testified that she had obtained several jobs but was unable to keep them because her managers told her she was not listening and yelled at her. Defendant had obtained employment at Hardee's and would start when she was released. At first, she was unable to pay her fines and costs because she was unable to obtain a job, but once she began work at Hardee's, she would be able to make payments. Defendant did not complete homework assignments because the questions were irrelevant to her and the packet was "like [fifteen] pages." Defendant testified that she had two previous mental health evaluations in 2017 and 2018. She did not like taking medication to help with her mental health. Defendant testified that she did not need help with her mental health and had stopped using marijuana. Defendant understood that the trial court had ordered her to have a drug and alcohol assessment and to follow all recommendations of that assessment. Defendant requested another chance at probation claiming this time she would follow the recommendations.

Following the testimony, defense counsel stated that Defendant was not contesting the violation of the terms of her probation. The trial court found that the State had met its burden and revoked Defendant's probation but withheld sentencing until Defendant underwent a mental health assessment.

The mental health coordinator for the Blount Count Sheriff's Office, McKenzie Simmons, performed a mental health assessment on Defendant. Defendant told Ms. Simmons that although there were some issues, Defendant was not interested in taking any medications. Ms. Simmons determined that Defendant had mental health issues that needed to be addressed and that treatment for her marijuana issues would require an intensive outpatient program. Ms. Simmons felt Defendant was a good candidate for mental health treatment, but treatment options were limited if Defendant would not take medication.

After considering all testimony, the trial court stated that

> [t]he [c]ourt's effort has quite frankly been met with the same issues as [p]robation's efforts. I appreciate [Defendant] attempting to be cooperative on the surface, but as far as actually addressing the issues that have led to the non-compliance and the criminal issues, those are still out there. And the [c]ourt cannot in good faith put her back on probation when nothing has changed from the non-compliance before.

The trial court ordered Defendant to serve that balance of her sentence in confinement. It is from that decision that Defendant now appeals.

*Analysis*

On appeal, Defendant acknowledges that she violated her probation but argues that the trial court abused its discretion when it ordered her to serve the balance of her sentence in confinement. The State argues that the trial court properly revoked Defendant's probation and acted within its discretion in ordering her to serve her sentence in confinement. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation, the trial court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of her original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310.

- 3 -

The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). As this Court has recognized, "[a d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*; *see State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

Here, Defendant conceded to violating her probation terms. The trial court stated that "based upon the proof that was presented and the stipulation, then [Defendant's] probation is revoked." This Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at *2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied* (Tenn. Jun. 28, 1999)), *no perm. app. filed*; *see also* <u>State v. Rubbalddi Espinoza Yoc</u>, No. M2018-00585-CCA-R3-CD, 2020 WL 672293, at *7 (Tenn. Crim. App. Feb. 11, 2020). The trial court did not abuse its discretion in ordering Defendant to serve the remainder of her sentence in confinement. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE